95 F.3d 1156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ioan BUTNAR and Elisabeta Butnar, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70610.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 9, 1996.*
Decided Aug. 19, 1996.
 
 1
 Petition for Review of an Order of the Board of Immigration Appeals, INS Nos. Adn-wpw-wka, Ahp-uun-tar.
 
 BIA
 
 2
 REVIEW DENIED.
 
 
 3
 Before: BEEZER AND O'SCANNLAIN, Circuit Judges; BROWNING,** District Judge.
 
 
 4
 MEMORANDUM***
 
 
 5
 Ioan Butnar and his wife, Elisabeta Butnar, natives and citizens of Romania, petition for review of the Board of Immigration Appeals' ("BIA") decision, affirming the immigration judge's ("IJ") denial of asylum and withholding of deportation pursuant to 8 U.S.C. §§ 1158(a) & 1253(h). We have jurisdiction to review this petition pursuant to 8 U.S.C. § 1105a(a).
 
 
 6
 * The Butnars first contend that the evidence of record does not support the BIA's finding that their testimony was inconsistent and not credible. We review the BIA's factual findings underlying a denial of asylum under the substantial evidence standard. Kazlaukas v. INS, 46 F.3d 902, 905 (9th Cir.1995) (citing INS v. Elias-Zacarias, 502 U.S. 478, 480-81 (1992); Ghebllawi v. INS, 28 F.3d 83, 85-86 (9th Cir.1994)). The standard requires that we affirm the BIA's factual determinations if they are substantially reasonable. Rodriguez-Rivera v. United States Dep't of Immigration and Naturalization, 848 F.2d 998, 1001 (9th Cir.1988). Where, as here, the BIA adopts the IJ's reasoning, we review the IJ's decision as if it were the BIA's. Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995).
 
 
 7
 The BIA, in determining that the Butnars lacked credibility, noted that the Butnars' applications for asylum and testimony at the deportation hearing had "multiple inconsistencies." For example, in their first application for asylum, the Butnars failed to mention a beating Mr. Butnar allegedly suffered in February 1981. The Butnars alleged the beating in a later application, but the IJ found it "incredible" that they would exclude such a severe incident, if true, from an earlier application. The IJ also noted that the Butnars testified at the hearing that they had attempted escapes not mentioned in earlier applications. Finally, the Butnars stated that they had to pay a bribe to secure their passports, which their first application for asylum did not mention. Given these inconsistencies, the IJ determined that there was "some degree of exaggeration going on" at the hearing.
 
 
 8
 We defer to the IJ's finding that the Butnars lacked credibility if it is supported by the record. Saballo-Cortez v. INS, 761 F.2d 1259, 1266 (9th Cir.1985). The IJ may properly discredit a witness' testimony that is "inconsistent or lacking in the ring of truth." Id. Substantial evidence of record supports the IJ's finding that the Butnars' testimony was inconsistent and lacked credibility.
 
 II
 
 9
 For us to reverse the BIA's denial of asylum, the Butnars must show "that the evidence [they] presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84.
 
 
 10
 The BIA relied upon the State Department's advisory opinion in denying the Butnars' application for asylum. Though the Butnars question the reliability of the State Department's opinion, this court has found these reports to be " 'the most appropriate and perhaps the best resource' for 'information on political situations in foreign nations.' " Kazlauskas, 46 F.3d at 906 (citation omitted). The opinion states that Romania has changed significantly since the Butnars came to the United States. Romania has held democratic elections and continues its transition from an oppressive communist regime. According to the State Department, the democratic ideas espoused by the Butnars are mainstream opinion in Romania today. For this reason, the evidence presented was not so compelling that a reasonable factfinder would have to find a sufficient fear of persecution. Substantial evidence therefore supports the BIA's findings.
 
 III
 
 11
 Finally, the Butnars contend that they have shown sufficient past persecution to warrant political asylum. Where an alien does not demonstrate a reasonable fear of future persecution, the BIA may grant asylum based on humanitarian reasons alone if the alien has "suffered 'under atrocious forms of persecution' " in the past. Id. (citations omitted). This court has not "define[d] the minimum showing of 'atrocity' necessary to warrant a discretionary grant of asylum based on past persecution alone." Id. at 907. The IJ did determine that the Butnars participated in demonstrations in 1990 and suffered injuries, including Mrs. Butnar's miscarriage. However, the IJ was skeptical about their other claims of abuse. Other cases have found asylum unwarranted on facts similar to the facts the IJ and the BIA accepted in this case. See Prasad v. INS, 47 F.3d 336 (9th Cir.1995) (arrest and beating did not justify a grant of asylum); Rojas v. INS, 937 F.2d 186 (5th Cir.1991) (arrest, beating, torture, and dismissal from work was not sufficient past persecution to grant asylum). Therefore, the BIA did not abuse its discretion in denying asylum based on past persecution.
 
 IV
 
 12
 Because the Butnars failed to demonstrate their eligibility for asylum, it follows that they cannot meet the more stringent standard for withholding of deportation. Prasad, 47 F.3d at 340.
 
 The petition for review is DENIED.[1]
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 The Honorable William D. Browning, United States District Judge for the District of Arizona, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 The Butnars' conclusory request that this court stay its mandate so they can file with the BIA a motion to reopen, reconsider, and remand based on ineffective assistance of counsel is also denied